OAKES ANGIER *vs.* BENJAMIN L. SMALLEY and others.

*Stamp act—construction of.*

The act of congress of June 30, 1864, c. 173, § 17, does not require the certificate of discharge of a poor debtor, on his disclosure, to be stamped.

ON EXCEPTIONS.

DEBT on a poor debtor's bond, dated March 5, 1864.

The defendants offered parol evidence of a certificate of discharge of the principal, alleged to have been given by two disinterested justices of the peace and of the quorum, within and for this county, the original of which was alleged to have been lost. It was in evidence that the certificate, if any issued, was dated Sept. 3, 1864.

The defendant, Smalley, testified, that the original certificate was not stamped.

The plaintiff contended that even if the original certificate had been produced, it was not competent evidence, without proof that the proper United States internal revenue stamp had been duly affixed thereto, and that no secondary evidence of the contents of the instrument was admissible, until the legality of the original had been established.

But the presiding judge ruled otherwise, and the plaintiff alleged exceptions.

*Joseph Williamson*, for the plaintiff.

*E. K. Boyle*, for the defendant.

APPLETON, C. J. The certificate of the magistrate's discharge of a poor debtor on his disclosure is a " legal document." All the " legal documents " upon which stamps are required to be affixed by the act of congress of June 30, 1864, c. 173, § 17, are specifically enumerated, and do not embrace the certificate in question. The specific enumeration of legal documents to be stamped, excludes all not thus enumerated.

It becomes unnecessary to consider whether the provisions of the U. S. statute, requiring instruments or documents to be stamped, and prohibiting their admission as evidence until the requisite stamps have been affixed, apply exclusively to the courts of the United States or not. That they apply only to the courts of the United States was held to be the law in *Carpenter* v. *Snelling*, 97 Mass. 452.                                        *Exceptions overruled.*

CUTTING, KENT, WALTON, DICKERSON, and TAPLEY, JJ., concurred.